SIN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

_____

| | |
|---|---|
| CALVIN PAUL STEWART, | ) |
| Petitioner, | ) Case No. 2:06-CV-465 TS |
| v. | ) District Judge Ted Stewart |
| LOWELL CLARK, | ) **MEMORANDUM DECISION** |
| Respondent. | ) Magistrate Judge Paul Warner |

_____

Petitioner, Calvin Paul Stewart, has filed a habeas corpus petition under § 2254.  *See* 28 U.S.C.S. 2254 (2008).  His petition here is primarily concerned with a state petition for post-conviction relief that he filed in 2005.  That state petition was apparently transferred from the Utah Court of Appeals to Utah Sixth District Court to Utah Fourth District Court.  A notation in the state docket then suggested it had been transferred to federal court and sent to the Utah Attorney General's (AG's) address.  Petitioner then believed that the petition was lost.  Both the notation and Petitioner's belief were mistakes.  According to the State, that petition was actually consolidated with an earlier petition and, last this Court heard, was still pending in state court.

The issues asserted by Petitioner here are as follows:  (1) He was denied due process and legal access when his state petition was "lost" while being transferred to the federal court through the AG's office, especially considering the transfer was effected without notification to Petitioner, without a judge's

order or signature, and part of the original filing was lost during the transfer.  This situation, Petitioner argues, has resulted in his "unjust imprisonment."  (2) Petitioner has no law library available to him in prison.  (3) The prison took most of his legal materials, adversely affecting his ability to proceed in the courts and denying him due process.  And, (4) Petitioner has no appointed counsel in his state post-conviction case.

The Court first observes that this petition is improperly brought under § 2254, as it does not challenge Petitioner's underlying conviction or sentencing.  Because it appears that Petitioner is arguing that "[h]e is in custody in violation of the Constitution or laws of the United States," the Court instead construes the petition as falling under § 2241.  *See id.* § 2241.

However, deeper examination shows that none of Petitioner's issues really attacks the validity of the State's custody over him.  Not one of his challenges, if resolved in his favor, would necessarily lead to his release.  If indeed the state petition was lost or transferred without Petitioner's knowledge or without a judge's signature or if part of the filing were lost in transit, those circumstances alone would not result in his freedom.  First of all, of course, the state petition is not lost but was consolidated with another, and was pending before the state courts--even as Petitioner petitioned this Court.  And, second, the loss of the petition by itself could not require his

discharge.  Such a circumstance would have nothing to do with the merits or execution of Petitioner's confinement (particularly in violation of federal law).  It is the content--the substance and validity of the arguments within the petition--not the location of the petition, that would determine its effect.

Next, the other claims about legal access during incarceration--i.e., lack of a law library and confiscation of legal materials--are improperly brought in this habeas case. "Petitioner's challenges to the conditions of his confinement do not belong in a § 2241 action, but should be brought under [§ 1983]."  *Merritt v. Pugh*, No. 00-1129, 2000 U.S. App. LEXIS 13992, *3 (10th Cir. June 15, 2000) (unpublished); *see also Tuttamore v. Lappin*, No. 07-cv-889-BNB, 2007 U.S. Dist. LEXIS 40079, *4 (D. Colo. May 30, 2007) ("To the extent [petitioner] is challenging the conditions of his confinement, he must do so in a separate [civil rights] action."); *Hunt v. Terrell*, No. 05-3479-RDR, 2006 U.S. Dist. LEXIS 37881, at *3 n.1 (D. Kan. June 8, 2006) ("To the extent petitioner seeks . . . relief based on alleged constitutional deprivation in the conditions of his confinement, a [civil rights] complaint . . . will be required.").  Indeed, "even if [Petitioner] were to prove his allegations . . . [he] would not be eligible for release from

prison," which is the standard habeas remedy.  See *Hearing v Squires*, No. 5:07-cv-19 (HL), 2007 U.S. Dist. LEXIS 7215, *1-2 (M.D. Ga. Jan. 31, 2007).

Finally, Petitioner's contention that his federal rights have been violated and he should be freed because his request for appointed counsel in his state habeas case has not been honored fails.  After all, "[t]here is no constitutional right to an attorney in state post-conviction proceedings."  *Coleman v. Thompson*, 501 U.S. 722, 752 (1991).

IT IS THEREFORE ORDERED that this petition is denied.

DATED this 5th day of March, 2008.

BY THE COURT:

_____
TED STEWART
United States District Judge

4